**UNITED STATES of America**

v.

**Ernestine PURKEY d/b/a The Corner.**

**Civ. A. No. 7050.**

United States District Court,
E. D. Tennessee, N. D.

June 7, 1971.

John W. Mitchell, Atty. Gen., Jerris Leonard, Asst. Atty. Gen., Gerald W. Jones, Richard W. Bourne, U. S. Dept. of Justice, Washington, D. C., John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

George E. Barrett, Nashville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The United States filed this suit under Title II, the public accommodation section, 42 U.S.C. § 2000a, of the Civil Rights Act of 1964, to end racial discrimination at The Corner, a neighborhood tavern owned and operated by the defendant, Ernestine Purkey.

The facts are stipulated; the defendant submitting to a permanent injunction, conceding jurisdiction and past discriminatory acts. The only remaining question is whether the defendant places signs on the premises to the effect that the tavern serves everyone without regard to race or color. The Government contends this relief is necessary because:

"7. A substantial portion of the Negro community in Knoxville are aware of the defendant's former policy and practice of refusing to serve

---

Negroes, and think this policy still exists."

Stipulations filed May 12, 1971

The Government suggests "that the defendant shall within five (5) days of the entry of this Order cause to be posted, and keep posted, signs reading:

NOTICE: THIS TAVERN SERVES EVERYONE WITHOUT REGARD TO RACE OR COLOR.

Such notices shall be prominently posted in the interior of The Corner as well as at or on all entrances of this establishment. Each sign shall be of black lettering of not less than two inches in height, which shall be placed on a white background not less than six square feet in size, and which shall not be placed within six feet of any other sign or advertisement at The Corner." United States Memorandum filed May 24, 1971.

The defendant contends that the posting of such signs is unjustified and inequitable. The stipulations show that on January 9, 1970, defendant received a letter from Government representatives advising her that her actions were in violation of the law. Stipulation 6 states:

"6. The defendant abandoned her policy of racial discrimination at The Corner upon receipt of the letter described in paragraph 5, and has followed a policy of serving all Negroes who have sought service at The Corner since that time."

Defendant says that she did not comply with the 1964 Civil Rights Act because she understands that the Act did not extend to bars which did not serve food. Cuevas v. Sdrales, 344 F.2d 1019 (C.A. 10, 1965), cert. den. 382 U.S. 1014, 86 S.Ct. 625, 15 L.Ed.2d 528 (1966). She

admits that her tavern under more recent decisions is a place of entertainment under 42 U.S.C. § 2000a(b)(3) since it contains a juke box, records, pinball machine and a bowling machine which were manufactured out-of-state. Consequently, she submits that her past acts have been in good faith but under a mistaken belief.

The Court has examined cases in which defendants were required to publicize new court-ordered nondiscriminatory policies.

The Court is not able to draw an analogy with Title VII cases dealing with unfair employment practices where the opportunity to gain meaningful employment is at stake, United States v. Sheet Metal Workers, 416 F.2d 123, 137–140 (C.A.8, 1969), or with cases where the defendants had by artifice attempted to evade the provisions of the Civil Rights Act. Smith v. Young Men's Christian Ass'n, 316 F.Supp. 899 (M.D.Ala., 1970) appeal pending; United States v. Beach Associates, Inc., 286 F.Supp. 801 (D. Md.1968). Finally, this Court cannot equate the anguish of a mother explaining to her twelve year old son why he cannot ice skate at an amusement park, Miller v. Amusement Enterprises, Inc., 394 F.2d 342 (C.A.5, 1968 en banc),[1] with what the Government terms "fear of future humiliation" upon black adult patrons asking to buy beer at a small neighborhood tavern.

The record does not justify the use of the Court's equitable powers to compel the posting of signs in defendant's tavern.[2]

An order has been passed to the Clerk in conformity with this memorandum.

---

1. In this particular case the posting of notices was not at issue, but some public notice appears to be required since defendant advertised his services. Cf. Scott v. Young, 307 F.Supp. 1005 (E.D. Va., 1969)—signs ordered.

2. From the Court's experience, it is observed that the morning and evening

Knoxville newspapers report court activities and it is certain that the news reports of this case will serve to inform that segment of the Negro community in Knoxville which believes that defendant still persists in her former policy of refusing to serve Negroes.